**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

In re:

MOHAWK MARKETING CORPORATION,   Case No. 08-72568-SCS
                                Chapter 11
    Debtor in Possession.

**ORDER UNDER 11 U.S.C. SECTIONS 105 AND 363,
FED. R. BANKR. P. 2002 AND 6004, AND LOCAL BANKRUPTCY
RULES 2002-1, 6004-1 AND 6004-2 AUTHORIZING AND APPROVING:
(I) ASSET PURCHASE AGREEMENT WITH GORDON BROTHERS GROUP, LLC;
(II) SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND
ENCUMBRANCES; AND (III) CERTAIN RELATED RELIEF**

This matter came to be heard on the *Motion for Authority to Sell Property Free and Clear of Liens Pursuant to 11 U.S.C. § 363(f) and Memorandum in Support* (the "Sale Motion")[1] filed by Mohawk Marketing Corporation (the "Seller" or the "Debtor") filed in the above-captioned bankruptcy case (the "Bankruptcy Case"), pursuant to which the Debtor sought an order (the "Sale Order") providing for, among other things: (i) approval of an Asset Purchase Agreement (the "Agreement") by and between the Debtor and Gordon Brothers Group, LLC ("Gordon Brothers"), or the highest bidder at the Auction Sale (defined below); (ii) authorizing the Debtor to sell, among other things, its inventory, furniture, fixtures and equipment, and vehicles and other rolling stock (as defined and described more specifically in the Agreement, the "Assets"), free and clear of all liens, claims, interests and Encumbrances in the manner set forth in the Agreement; and (iii) granting certain related relief.

---

[1]     Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Agreement (as defined herein). Any cross-reference to the Agreement in this Order is in compliance with Local Bankruptcy Rules 6004-1 and 9022-1(D).

1

The Court having reviewed and considered the Sale Motion and the relief requested in the Sale Motion, the Agreement and the Ancillary Documents, and all matters referenced therein, including, but not limited to, the Break Up Fee (defined herein) and the Purchase Price, and having heard the statements counsel made, and the evidence proffered or adduced, at a hearing conducted thereon on September 18, 2008 at 11:00 a.m. Eastern Daylight Time (the "<u>Sale Hearing</u>"); all interested parties having been afforded an opportunity to be heard; the Court having determined that the relief requested in the Sale Motion is in the best interest of the Debtor, its estate, its creditors, its shareholders and other parties in interest; the Court being fully advised on the premises and having determined that the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief herein granted; now therefore:

**IT IS HEREBY FOUND AND DETERMINED THAT**:[2]

**<u>General Findings</u>**

A. This Court has original jurisdiction over the Sale Motion under 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A) and (B). Venue of this case and the Sale Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Sale Motion are Sections 105(a) and 363 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (as amended, the "<u>Bankruptcy Code</u>"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2002-1, 6004-1 and 6004-2 of the Local Rules of

---

[2] Findings of Fact shall be construed as Conclusions of Law and Conclusions of Law shall be construed as Findings of Fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052. The Court's statements from the bench setting

the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules").

C. This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To the extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order and expressly directs entry of judgment as set forth herein.

D. The Official Committee of Unsecured Creditors (the "Committee") and its counsel have been involved in the negotiations of the Sale of the Assets, including the terms of the Agreement, the Ancillary Documents and the Bidding Procedures. The Committee supports the Sale Motion and the manner in which the Debtor has proposed to sell the Assets.

## Notice and Opportunity To Be Heard

E. Due, proper, timely, adequate and sufficient notice of the Sale Motion, the Sale Hearing, the Sale, this Sale Order and the transactions contemplated thereby and hereby has been provided in accordance with Sections 102(1), 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014 and Local Bankruptcy Rules 2002-1, 6004-1 and 6004-2. Such notice, including the notice attached hereto as Exhibit B as sent to: (i) the Office of the United States Trustee; (ii) Buyer; (iii) Talon Merchant Capital, LLC; (iv) Great American; (v) all other entities known to have expressed an interest in acquiring any of the Assets; (vi) all entities known to have asserted any Encumbrance in or upon any of the Assets; and (vii) all other parties that had filed a notice of appearance and demand for service of papers in this Bankruptcy Case under Bankruptcy Rule 2002 as of the date of the Sale Motion (the "Notice"), was good,

forth additional Findings of Fact and Conclusions of Law in open Court at the Sale Hearing are expressly

sufficient and appropriate under the circumstances. No other or further notice of the Sale Motion, the Sale Hearing, the Sale, this Sale Order or the transactions contemplated thereby or hereby is or shall be required.

F. A reasonable opportunity to object and be heard with respect to the Sale Motion and the relief requested therein, and to bid for the Assets, has been afforded to all interested persons and entities, including the following: (i) the Office of the United States Trustee; (ii) Buyer; (iii) Talon Merchant Capital, LLC; (iv) Great American; (v) all other entities known to have expressed an interest in acquiring any of the Assets; (vi) all entities known to have asserted any Encumbrance in or upon any of the Assets; and (vii) all other parties that had filed a notice of appearance and demand for service of papers in this Bankruptcy Case under Bankruptcy Rule 2002 as of the date of the Sale Motion.

**Bidding Procedures and Auction**

G. As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, the Debtor has conducted the sale process in compliance with the procedures set forth in the Sale Motion and the Agreement (the "Bidding Procedures").

H. The Debtor has articulated good and sufficient reasons for approving the Bidding Procedures, including protections in favor of Gordon Brothers contained in the Agreement as a whole and the Bidding Procedures in specific, in light of Gordon Brothers' role as "Stalking Horse" in the Sale, and including in specific the break up fee of $35,000.00, as further explained in the Sale Motion, (the "Break Up Fee").

incorporated by reference into this Order and made a part thereof.

I. The Bidding Procedures, including, but not limited to, the Break Up Fee, are fair, reasonable and appropriate and are designed to maximize the value of the Debtor's estate.

J. The Auction Salewas conducted on September 12, 2008 at the offices of Debtor's counsel (the "<u>Auction</u>"), in compliance with the Bidding Procedures and due, proper, timely, adequate and sufficient notice thereof was provided to all interested persons and entities.

K. The Auction Sale was conducted in a manner that was fair, reasonable and appropriate and was designed to maximize the value of the Debtor's estate.

L. L.A. Closeout, Inc. d/b/a Gametronics (the "<u>Buyer</u>") was the successful bidder at the Auction Sale and has agreed to the Asset Purchase Agreement (the "Agreement") with the Debtor, a copy of which is attached hereto as <u>Exhibit A</u>

**<u>The Agreement</u>**

M. Good and sufficient reasons for approval of the Agreement have been articulated.

N. The Debtor has full corporate power and authority to execute the Agreement, the Ancillary Documents and to consummate the transactions contemplated by the Agreement. The Agreement, the Ancillary Documents and all of the transactions contemplated thereby, and all matters referenced therein have been duly and validly authorized by all necessary corporate action of the Debtor. No consents or approvals, other than the consent and approval of this Court and those expressly provided for in the Agreement, are required for the Debtor to consummate the Sale.

O. The Agreement, the Ancillary Documents and all matters referenced therein and the Sale are fair and reasonable and were negotiated, proposed and entered into by the Debtor and Buyer without collusion, in good faith and from arms'-length bargaining positions.

P. The consideration provided by Buyer pursuant to the Agreement and the Ancillary Documents including, among other things, the Purchase Price, (i) is fair, reasonable, and adequate, (ii) is the highest and best offer for the Assets, and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, any territory, any possession or the District of Columbia.

Q. The transfer of the Assets to Buyer pursuant to the Agreement and the Ancillary Documents will be a legal, valid and effective transfer of the Assets, and vests or will vest Buyer with all right, title and interest of the Debtor and the Debtor's estate in the Assets free and clear of all liens, claims, interests or other Encumbrances.

R. The Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, any territory, any possession or the District of Columbia.

S. Neither the Debtor nor the Buyer has engaged in any conduct which would cause or permit the Agreement or the Sale contemplated thereunder to be avoided or challenged pursuant to Section 363(n) of the Bankruptcy Code.

**The Sale**

T. Good and sufficient reasons for approval of the Sale have been articulated.

U. The Debtor has demonstrated both (i) good, sufficient and sound business purpose and justification and (ii) compelling circumstances for the Sale other than in the ordinary course of business, pursuant to Section 363(b) of the Bankruptcy Code, in that, among other things, the immediate consummation of the Sale to Buyer is necessary and appropriate to maximize the value of the Debtor's estate and the Sale will provide the means for the Debtor to maximize distributions to creditors.

V. The Debtor may sell the Assets free and clear of all liens, claims, interests and other Encumbrances in the manner set forth in the Agreement because each entity with a lien, claim, interest or other Encumbrance in any of the Assets to be transferred on the Closing Date (i) has consented to the Sale or is deemed to have consented to the Sale; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such interest; or (iii) otherwise falls within the provisions of Section 363(f) of the Bankruptcy Code and, therefore, in each case, one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of liens, claims, interests and other Encumbrances who did not object to the Sale Motion are deemed to have consented pursuant to Section 363(f)(2) of the Bankruptcy Code.

W. All such liens, claims, interests and Encumbrances, including those of Wachovia Bank, N.A., shall attach to the cash proceeds (the "<u>Proceeds</u>") of the Sale with the same validity, enforceability and priority as they had against the Assets and subject to the same claims and defenses held by the Debtor and its estate.

### **The Buyer**

X. Buyer is not an "insider" of the Debtor, as that term is defined in Section 101(31) of the Bankruptcy Code.

Y. Buyer is a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. Buyer will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Agreement and at all times after the entry of this Sale Order. The Agreement and all covenants and conditions contained therein, and the Ancillary Documents and

all matters referenced in the Agreement and the Ancillary Documents, are to be considered an integrated transaction, subject to and protected by Section 363(m) of the Bankruptcy Code.

Z. Neither Buyer nor its affiliates, successors or assigns, as a result of any action taken in connection with the purchase of the Assets: (a) is a successor to the Debtor; (b) has, *de facto* or otherwise, merged with or into the Debtor; or (c) is a continuation or substantial continuation of the Debtor or any enterprise of the Debtor. Now therefore:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The Sale Motion is GRANTED on the terms and conditions set forth therein and in this Sale Order.

2. All objections to the Sale Motion, the Bidding Procedures, the Agreement (including, but not limited to, the Break Up Fee), the Auction, the Sale and/or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled on the merits.

**Approval of the Agreement**

3. The Agreement, the Ancillary Documents and all matters referenced therein, and all of the terms and conditions thereof, including, but not limited to, the Break Up Fee and the Purchase Price, are hereby approved.

4. Pursuant to Sections 363(b) and (f) of the Bankruptcy Code, the Debtor is authorized and directed to consummate the Sale, pursuant to and in accordance with the terms and conditions of the Agreement and all matters and documents referenced therein.

5. The Debtor is authorized and directed to execute and deliver, and empowered to perform under, consummate and implement, the Agreement, the Ancillary Documents and all matters referenced therein, and to take all further actions as may be requested by Buyer for the

purpose of transferring the Assets to Buyer or as may be necessary or appropriate to the performance of the obligations contemplated by the Agreement, the Ancillary Documents and all matters referenced therein.

6. The Agreement and the Ancillary Documents may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

7. The terms and provisions of the Agreement, the Ancillary Documents and all matters referenced therein and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, Buyer and its affiliates, successors and assigns, and any affected third parties, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding. Nothing contained in any plan of reorganization confirmed in this Bankruptcy Case or in the order confirming such plan of reorganization shall conflict with or derogate from the provisions of the Agreement, the Ancillary Documents and all matters referenced therein or this Sale Order.

**Sale Free and Clear**

8. Except as expressly permitted or otherwise specifically provided for in the Agreement and all matters and documents referenced therein, or this Sale Order, pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, the Assets shall be transferred, in accordance with and upon the conditions set forth in the Agreement, to Buyer, and upon transfer, shall be free and clear of all liens, claims, interests or other Encumbrances of any kind or nature whatsoever.

9. Except as expressly permitted by the Agreement, the Ancillary Documents and the matters referenced therein, all persons and entities, including, but not limited to, all equity security holders, governmental, tax and regulatory authorities, lenders, trade and other creditors, holding liens, claims, interests or other Encumbrances of any kind or nature whatsoever against or in the Debtor or the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtor, the Assets, the operation of the Business prior to the Closing Date or the transfer of the Assets to Buyer, shall be and hereby are forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing against Buyer, its property, its successors and assigns, its affiliates or the Assets, such persons' or entities' liens, claims, interests or other Encumbrances.

10. The transfer of the Assets to Buyer pursuant to the Agreement and the Ancillary Documents constitutes a legal, valid and effective transfer of the Assets, and shall vest Buyer with all right, title and interest of the Debtor in and to the Assets free and clear of all liens, claims, interests or other Encumbrances of any kind or nature whatsoever.

11. This Sale Order is and shall be effective as a determination that all liens, claims, interests or other Encumbrances shall be, and are, without further action by any person or entity, released with respect to the Assets as of the Closing Date.

12. This Sale Order shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office or

contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Assets.

13. The transactions contemplated by the Agreement are undertaken by Buyer in good faith, as that term is used in Section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to Buyer, unless such authorization is duly stayed pending such appeal. Buyer is a good faith purchaser of the Assets, and is entitled to all of the benefits and protections afforded by Section 363(m) of the Bankruptcy Code.

14. After the Closing Date, no person or entity, including, without limitation, any federal, state or local taxing authority, may (a) attach or perfect a lien or security interest against any of the Assets on account of, or (b) collect or attempt to collect from Buyer or any of its affiliates, any tax or other amount alleged to be owing by the Debtor (i) for any period commencing before and concluding prior to or after the Closing Date, or (ii) assessed prior to and payable after the Closing Date, except as otherwise specifically provided in the Agreement, the Ancillary Documents and all matters referenced therein.

15. On or before the Closing Date, each of the Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release its liens, claims, interests or other Encumbrances in the Assets, if any, as such liens, claims, interests or other Encumbrances may have been recorded or otherwise exist.

16. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, security agreement, collateral assignment, license or other documents or agreements evidencing liens, claims, interest or other Encumbrances with respect to the Debtor and/or the Assets shall not have delivered to the Debtor and Buyer prior to the Closing Date in

proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all liens, claims, interests or other Encumbrances which the person or entity has with respect to the Debtor and/or the Assets or otherwise, then (i) the Debtor hereby is authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such assets and contracts and (ii) Buyer hereby is authorized to file, register or otherwise record a certified copy of this Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all liens, claims, interests or other Encumbrances in the Assets as of the Closing Date of any kind or nature whatsoever.

17. Buyer shall have no liability or responsibility for any liability or other obligation of the Debtor arising under or related to the Assets other than as expressly set forth herein and in the Agreement, the Ancillary Documents and all matters referenced therein. Without limiting the effect or scope of the foregoing, the transfer of the Assets from the Debtor to Buyer does not and will not subject Buyer or its affiliates, successors or assigns or their respective properties (including the Assets) to any liability for liens, claims, interests or other Encumbrances against the Debtor or the Assets by reason of such transfer under the laws of the United States or any state, territory or possession thereof applicable to such transactions. Neither Buyer nor its affiliates, successors or assigns shall be deemed, as a result of any action taken in connection with the purchase of the Assets to: (a) be a successor to the Debtor; (b) have, *de facto* or otherwise, merged with or into the Debtor; or (c) be a continuation or substantial continuation of the Debtor or any enterprise of the Debtor. Neither Buyer nor its affiliates, successors or assigns is acquiring or assuming any liability, warranty or other obligation of the Debtor, including, without limitation, any tax incurred but unpaid by the Debtor prior to the Closing Date,

including, but not limited to, any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, fixed or audited, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction, except as otherwise expressly provided in the Agreement, the Ancillary Documents and all matters referenced therein.

18.     Except as specifically provided in the Agreement, the Ancillary Documents and all matters referenced therein, the transfer of the Assets to Buyer pursuant to the Agreement and the Ancillary Documents shall not result in (i) Buyer having any liability or responsibility for any liens, claims, interests or other Encumbrances against the Debtor or against an insider of the Debtor, or (ii) Buyer having any liability or responsibility to the Debtor except pursuant to the Agreement, the Ancillary Documents and all matters referenced therein and this Sale Order.

## Additional Provisions

19.     The Debtor shall retain the Proceeds in the DIP Account for distribution pursuant to further order of this Court, with all liens, claims, interests and Encumbrances attaching to the Proceeds to the same extent and priority which they existed against the Assets.

20.     The Debtor is directed to comply with Local Bankruptcy Rule 6004-2(D), but failure of the Debtor to comply will in no way affect the validity of the Sale.

21.     No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to any of the transactions contemplated by the Agreement.

22.     Immediately upon the entry of this Sale Order, this Sale Order will constitute a final and appealable order within the meaning of 28 U.S.C. § 158(a). This Sale Order shall be effective immediately upon entry and the stay provisions pursuant to Bankruptcy Rules 6004(h) and 7062 are hereby waived. Time is of the essence, and the Court expressly finds that there is

no just reason for delay in the implementation of this Sale Order and the Closing of the Sale may occur as soon as all the conditions precedent to such Closing have been satisfied or waived in accordance with the terms and conditions of the Agreement.

23. On the Closing Date and upon the transfer of the property contemplated by the Agreement, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Assets to Buyer. Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement, the Ancillary Documents and all matters referenced therein.

24. All entities who are presently, or on the Closing Date may be, in possession of some or all of the Assets hereby are directed to surrender possession of the Assets either to (i) the Debtor prior to the Closing Date, for subsequent transfer to Buyer on the Closing Date, or (ii) to Buyer on the Closing Date.

25. The failure specifically to include any particular provisions of the Agreement, the Ancillary Documents and all matters referenced therein in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Agreement, the Ancillary Documents and all matters referenced therein be authorized and approved in its entirety. Likewise, all of the provisions of this Sale Order are nonseverable and mutually dependent.

26. In the event the provisions of this Sale Order are inconsistent with the Agreement, the terms of the Agreement shall control and be binding in all respects.

27. This Court retains jurisdiction to enforce and implement the terms and provisions of the Agreement, the Ancillary Documents and this Sale Order, and all matters and documents referenced therein, any waivers and consents thereunder, in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Assets to Buyer, (b) resolve any disputes arising under or related to the Agreement, the Ancillary Documents and all matters referenced therein, except as otherwise provided therein, or any disputes or controversies with respect to the Assets, and (c) interpret, implement and enforce the provisions of the Agreement, the Ancillary Documents and/or this Sale Order.

28. Upon entry, the Clerk shall provide (by electronic delivery) a copy of this Sale Order to the Debtor. Thereafter, the Debtor shall provide copies of this Sale Order to: (i) the Office of the United States Trustee; (ii) Buyer; (iii) Gordon Brothers; (iv) Talon Merchant Capital, LLC; (v) Great American; (vi) all other entities known to have expressed an interest in acquiring any of the Assets; (vii) all entities known to have asserted any Encumbrance in or upon any of the Assets; and (viii) all other parties that had filed a notice of appearance and demand for service of papers in this Bankruptcy Case under Bankruptcy Rule 2002 as of the date of the Sale Motion.

Entered: _____

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

/s/ Karen M. Crowley
Karen M. Crowley, VSB No. 35881
Kelly M. Barnhart, VSB No. 65246
    Marcus, Crowley & Liberatore, P.C.
    1435 Crossways Boulevard, Suite 300
    Chesapeake, VA 23320-2896
    757-333-4500 (voice); 757-333-3390 (fax)

*Counsel to the Debtor*


SEEN AND AGREED:

John D. McIntyre
John D. McIntyre, VSB No. 35925
Willcox & Savage, P.C.
One Commercial Place, Suite 1800
Norfolk, Virginia 23510
757-628-5500; 757-628-5566 (fax)

*Counsel to L.A. Closeout, Inc. d/b/a Gametronics*


/s/ Christopher A. Jones
Christopher A. Jones, Esq.
    Whiteford Taylor & Preston, LLP
    3190 Fairview Park Drive, Suite 300
    Falls Church, Virginia
    703-280-9263 (voice); 703-280-8942 (fax)

*Counsel to Official Committee of Unsecured Creditors*


/s/ Jonathan L. Hauser
Jonathan L. Hauser, Esq.
    Troutman Sanders LLP
    222 Central Park Avenue, Suite 2000
    Virginia Beach, Virginia 23462
    757-687-7500 (voice); 757-687-7510 (fax)

*Counsel to Wachovia Bank, N.A.*

**LOCAL BANKRUPTCY RULE 9022-1(C) CERTIFICATION**

      I HEREBY CERTIFY that the foregoing Order has been endorsed by all necessary parties.

                                                /s/ Karen M. Crowley_____
                                                  Karen M. Crowley, VSB No. 3588